IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL LEE AUSTIN,

    Plaintiff,

v.

DR. ROBERT L. WHITTIG, *M.D.*; MS. FERRELL; SANDY VAJNOVIC, *L.P.M. Licensed Psychology Manager*; MR. MOURNING, *Security Captain*; SUPT. MELVIN LOCKETT, *Superintendent*; UNIT MGR. AL SERVELLO; LT. ROCHE, *Lieutenant*; MR. SHANE DADY, *Counselor*; AMANDA BROWN, *Business Mgr.*; SCI PITTSBURGH HEALTHCARE ADMINISTRATOR; MS. NIEMOCK, *D.S.C.S., Centralized Services*; DEPT SUPT. KOVACS, *D.S.F.M. Facilities Management*; SUPT. ASST. SCIRE, *Grievance Coordinator*; MR. LOGRECO, *P.S.S. Psychological Services Specialist*; KERRI CROSS, *HEX that sanctions "uncompetent" patients w/RHU time*; SUPT FRANKLIN TENNIS; DEPT JOEL DICKSON, *D.S.F.M. Facilities Management*; DEPT MARSH, *D.S.C.S. Centralized Services*; DEPT ROBERT MARSH, *D.S.C.S.*; MELINDA A. SMITH, *Correction Classification & Program Manager*; DR JOHN SYMANS, *Medical Physician*; RICHARD ELLERS, *Corrections Healthcare Administrator*; PRISON HEALTH SERVICES INC., *Contractor of Pa. D.O.C.*; MHM CORRECTIONAL SERVICES INC., *Contractor of Pa. D.O.C.*; SCI ROCKVIEW MAILROOM DEPT.; SCI ROCKVIEW PROGRAM REVIEW COMMITTEE DICKSON, MARSH, LAMAS; DEPT. SUPT THOMPSON, *D.S.F.M. Facilities Management*; SUPT. CAMERON; SUPT ASST. REBECCA REIFER, *Grievance Coordinator*; JAMIE BOYLES, *D.S.F.M. Facilities Management*; JAMEY LUTHER, *D.S.C.S. Centralized Services*; DENNA MARTINEZ, *Mental Health Coordinator*; JAMES HARRINGTON, *Licensed Psychology Manager*; MICHELLE HOUSER, *Unit Manager*; MORRIS HOUSER, *Corrections Classification & Program Manager*; MS. WHITE, *Counselor*; JOHN UHLER, *Psychological Services Specialist*; CAROLINE CHRISTOFF, *Psychological Services Associate*; DOGLASS BOPP , *Corrections Healthcare Administrator*; MICHAEL CASH,*Physician*; LIEUTENANT SEYMORE; LIEUTENANT BEARJAR; JACK WALMER, *Chief Psychologist of State PA. D.O.C.*; CHIEF PSYCHIATRIST OF THE STATE PA. D.O.C.; OFFICE OF PROFESSIONAL RESPONSIBILITY JAMES C. BARNADE DIRECTOR; CENTRAL OFFICE BUREAU OF HEALTHCARE SERVICES; OFFICE OF POPULATION MANAGEMENT VINCENT, MARDIANN I ; SPECIAL ASSISTANT TO SECRETARY HEATHER M. YATES; EXECUTIVE DEPUTY SECRETARY, WILLIAM D. SPRINKLE; DEPUTY SECRETARY FOR THE WESTERN DISTRICT, J. BARRY JOHNSON; EDWARD RENDELL, *Governor*; and JEFFREY A. BEARD, *Secretary of PA D.O.C.*

    Defendants.

Civil Action No. 10 – 712

Judge Joy Flowers Conti /
Magistrate Judge Lisa Pupo Lenihan

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

## II. REPORT

Plaintiff, Michael Lee Austin, a state prisoner presently confined in the State Correctional Institution at Pittsburgh, Pennsylvania, filed an Amended Complaint in the above-captioned action naming over fifty separate defendants. To date, Plaintiff has not provided sufficient copies of the Complaint for service despite numerous orders requiring him to do so. For the reasons that follow, it is recommended that the Amended Complaint be dismissed.

### A. Relevant Procedural History

Plaintiff, acting *pro se*, initiated this suit on May 24, 2010 by filing a Motion for Application to Proceed *In Forma Pauperis* (ECF No. 1) accompanied by a Complaint against the following defendants: "Dr. Whitting, M.D.; All Medical Malpractice & Delayed Diagnosis of Hepatitis HBU, HBV Liver Virus." (ECF No. 1-1). On May 25, 2010, this Court granted his Motion to Proceed IFP (ECF No. 2). On June 25, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 15), which the Court granted on June 28, 2010. On July 12, 2010, Plaintiff filed an Amended Complaint against over fifty named Defendants (ECF No. 22). On July 29, 2010, this Court ordered Plaintiff to provide the Court with the appropriate number of legible copies of his Amended Complaint to effectuate proper service no later than August 27, 2010 (ECF No. 24). The Order further advised Plaintiff that his failure to provide the appropriate number of copies by August 27, 2010 may result in a recommendation that his case be dismissed.

On August 10, 2010, Plaintiff filed a Motion for Leave to file a Second Amended Complaint (ECF No. 27). On August 12, 2010, the Court granted Plaintiff's Motion and ordered him to file his second amended complaint by September 3, 2010. No second amended complaint was received by the Court.

On October 29, 2010, the Court again ordered Plaintiff to provide the Court with completed U.S. Marshal 285 forms and Notice of Lawsuit and Waiver of Service of Summons forms for each named Defendant no later than November 19, 2010 (ECF No. 35). The Order specifically states that "failure to provide sufficient service copies of the complaint or completed service forms for each named Defendant by November 19, 2010, will result in a recommendation to a District Judge that this case be dismissed for failure to prosecute." On November 5, 2010 (ECF No. 38), the Court entered an Order denying Plaintiff's premature motion for summary judgment. In that Order the Court again noted that Plaintiff had yet to provide service copies and forms to the Court and reiterated for Plaintiff the November 19, 2010 deadline for doing so, reminding him yet again that failure to do so would result in a recommendation to the District Judge that the case be dismissed for failure to prosecute.

The Court has yet to receive waiver of service forms, U.S. Marshal 285 forms or service copies of the Amended Complaint for any of the defendants. This case has been lingering since May of 2010 solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

B. Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). The Plaintiff's repeated failures to comply with this Court's orders constitute a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Supreme Court of the United States long has held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions under Rule 41(b). Specifically, in Link v. Wabash R. Co., the Petitioner argued that the language of Rule 41(b), by negative implication, prohibited involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In dismissing this argument, the Supreme Court held as follows.

> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176 [1884]. It also has

4

> the sanction of wide usage among the District Courts. It would require
> a much clearer expression of purpose than Rule 41(b) provides for us
> to assume that it was intended to abrogate so well-acknowledged a
> proposition.

Link v. Wabash R. Co., 370 U.S. 626, 630-632 (1962) (footnotes omitted). *Accord* Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967); Stratton v. Tony, et al., Civil No. 05-1601, 2007 WL 1451486 (W.D. Pa. May 15, 2007) (C.J. Ambrose) (dismissing for failure to prosecute based on plaintiff's failure to provide the court with sufficient service copies).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that

deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

1. The extent of the party's personal responsibility

Plaintiff is proceeding in this matter pro se. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

2. Prejudice to the adversary

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the amended complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of July 29, 2010 and October 29, 2010. Moreover, this is not the first case dismissed by a court against Plaintiff for failure to prosecute. *See* Austin v. Varner, et al, Civil No. 4:09-1318 (M.D. Pa. Sept. 15, 2010) (dismissed with prejudice for failure to follow court orders). This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. Whether the party's conduct was willful or in bad faith

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", Poulis, *supra*. The conclusion that his failure is willful is inescapable.

5. Alternative sanctions

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees

upon Plaintiff would be ineffective as a sanction.

6. <u>Meritoriousness of Plaintiff's case</u>

Plaintiff's Amended Complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.Twombly</u>, 550 U.S. 554, 556 (2007). His rambling narrative simply does not provide any specific indication concerning what each Defendant is alleged to have done to violate his constitutional rights. Thus, it does not provide a sufficient basis to impose liability against Defendants under 42 U.S.C. § 1983. Thus, this factor weighs in favor of dismissal.

Five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

## III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: November 24, 2010

cc: Michael Lee Austin
GF5642
PO Box 9991
Pittsburgh, PA 15233